UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANNA BOYD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SPOKEO, INC.,<br><br>      Defendant. | Case No. 3:21-cv-03020<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anna Boyd *nee* Campbell ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Spokeo, Inc. ("Spokeo" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF ACTION**

1. Defendant owns and operates a website that sells "background reports" on people to the general public.

2. Defendant sells its reports on its website: www.spokeo.com.

3. Upon accessing Spokeo's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

4. After entering this information, any public user of Spokeo's website is provided with a listing of search results. Each search result corresponds to an actual person that Spokeo has located who matches the name provided by the public user.

5. These search results provide a limited, free preview of Defendant's "Reports." As shown in the partially redacted images below, this free preview includes the searched individual's name (including middle initials), age, current city and state of residence, the searched individual's relatives, and other identifying information:









6. As shown in the above, Spokeo's free preview provides enough information to identify an individual.

7. The purpose behind Spokeo's free preview is singular: to entice users to purchase Defendant's services. These services include "Address Histories" and "Court Records" relating to individuals on its database.

8. Spokeo uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve "Profiles" on any individual in its database.

9. In order for a user to view a person's "Profile" or other background histories generated by the Defendant, a user needs to purchase Defendant's services. Clicking on "See Results," "Unlock Profile," "Continue," or "Sign Up" in the above images leads users to a pay screen which presents them with an option to pay for Spokeo's monthly subscription services.

10. Spokeo's most popular monthly subscription costs $19.95 per month to access and search anyone on its database.

11. Spokeo's monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

12. Spokeo compiles and generates the content it sells on its website. According to Defendant: "Spokeo uses proprietary deep web technology to search over billions of name records. The results may contain detailed information that might shock you, so please prepare yourself for the unexpected." (*See* screenshot in paragraph 5.)

13. Neither Plaintiff nor class members provided Defendant with written consent to use their identities in Defendant's advertisements. As detailed above, Spokeo uses class members' identities to advertise its for-profit services. Thus, Defendant violates the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq*.

14. It would be simple for Spokeo to maintain their business model while still complying with state law. For example, Spokeo could merely display the names of the searched individuals – without more identifying information – in their advertisements for their services.

15. Spokeo purposefully subjects itself to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois residents. Indeed, this lawsuit revolves around Spokeo's business practice of acquiring identifying information about Illinois residents with the specific intent of selling that information to its customers.

16. Additionally, Spokeo directly sells its services to consumers in Illinois.

## PARTIES

17. Plaintiff Anna Boyd formerly known as Anna Campbell or Anna Gillespie is a citizen of Illinois who resides in Springfield, Illinois.

18. Defendant Spokeo, Inc. is a Delaware corporation with its principal place of business located in Pasadena, California.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from Spokeo.

20. This court has specific personal jurisdiction over Defendant because Spokeo purposely advertises their product in this District using Plaintiff's personal information and Plaintiff's injury resulted from Defendant's purposefully directed activities in this District.

21. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff lives in this District which is also the primary location of her injury.

## INTRADISTRICT ASSIGNMENT

22. Pursuant to Local Rule 40.1(B), this case should be assigned to the Springfield division.

**FACTS COMMON TO ALL CAUSES OF ACTION**

23. Plaintiff Anna Boyd discovered that Spokeo uses her name, age, city of domicile, and the identity of her relatives in advertisements on the Spokeo website to advertise and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Paragraph 5.

24. Plaintiff Boyd believes that it is reasonable for others to identify her because Defendant's advertisements include accurate details about her.

25. Indeed, Plaintiff Boyd can confirm that the individual Defendant identified in paragraph 5 is herself.

26. Plaintiff Boyd never provided Spokeo with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

27. Plaintiff Boyd is not and has never been a Spokeo customer. She has no relationship with Spokeo whatsoever.

28. As the subject of a commercial transaction, Plaintiff Boyd's personal identifiable information disclosed by Spokeo has economic value. These aspects of Plaintiff Boyd's identity are valuable to online advertisers among others.

29. Plaintiff Boyd has not been compensated by Spokeo in any way for its use of her identity.

**CLASS REPRESENTATION ALLEGATIONS**

30. Plaintiff seeks to represent a class defined as all Illinois residents who have appeared in an advertisement preview for a Spokeo report (the "Class").

31. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this

action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

32. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

   a. Whether Spokeo uses class members' names and identities in advertisements for its own commercial benefit;
   b. Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*;
   c. Whether Plaintiff and the class are entitled to injunctive relief;
   d. Whether Defendant was unjustly enriched; and
   e. Whether Defendant violated the class members' privacy rights.

33. The claims of the named Plaintiff are typical of the claims of the Class.

34. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members they seek to represent, she has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

35. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*

36. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

37. Plaintiff brings this claim individually and on behalf of the members of the Class.

38. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

39. As shown above, Spokeo used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

40. Based upon Spokeo's violation of the Illinois Right of Publicity Act, Plaintiff and class members are entitled to (1) an injunction requiring Spokeo to cease using Plaintiff's and class members' names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff's and class members' names and identities) or statutory damages of $1,000 per violation to the members of the class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the Court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 13, 2021

Respectfully submitted,

**NICK LARRY LAW LLC**

By: ___s/ J. Dominick Larry___

J. Dominick Larry
8 S Michigan Ave, Suite 2600
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law

*Local counsel for Plaintiff and the proposed Class*

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (Admission forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

*Lead counsel for Plaintiff and the proposed Class*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 13, 2020, he electronically filed the foregoing paper with the Clerk of the Court using the Court's CM/ECF electronic filing system, and will arrange for service of the same by process server at the address listed below:

Spokeo, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

                                            s/ J. Dominick Larry